IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANNA MAE MATTHEWS,    )
            )
    Plaintiff,    )
            )
    v.       )   Civil Action No. 22-427
            )
NEW LIGHT, INC.,     )
            )
    Defendant.   )

**MEMORANDUM OPINION**

   Plaintiff Anna Mae Matthews brings this action against her former employer, Defendant New Light, Inc., alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), Pub. L. No. 95-555, 92 Stat. 2076, 42 U.S.C. § 2000e(k)), the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.* (Docket No. 1). Presently before the Court is Defendant's Motion to Dismiss Counts III and IV of Plaintiff's Complaint. (Docket No. 9). In its motion and brief in support, Defendant urges the Court to dismiss those Counts for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Nos. 9, 10). Plaintiff has filed a brief in opposition to Defendant's motion (Docket No. 12), and Defendant has filed a reply (Docket No. 13). After careful consideration of the parties' arguments and for the following reasons, Defendant's Motion to Dismiss is granted.

### I. Background

   As the parties are well-acquainted with the factual background of this case, at this juncture the Court will present an abbreviated version of the facts, as alleged in the Complaint

and in the light most favorable to Plaintiff, that are relevant to the motion presently before the Court. Plaintiff began her employment with Defendant in June 2018 as a Direct Care staff member. (Docket No. 1, ¶ 9). A year later, Plaintiff was promoted and became responsible for two of Defendant's locations and the management of eight employees, and she oversaw clients with extensive needs requiring the provision of basic living assistance, management of personal finances, mental and emotional engagement, and organization of medical care. (*Id.* ¶¶ 10-13). Defendant assigned Plaintiff a mentor, Monica Goheen, who advised Plaintiff during one of their regularly scheduled meetings that the position of Site Manager was a "twenty-four/seven job," and that "[t]his is not a job that you can have a family in, and, if you're thinking about having babies, you need to step down." (*Id.* ¶¶ 16-19).

In late 2020, Plaintiff learned that she was pregnant with twins. (Docket No. 1, ¶ 20). In January 2021, Plaintiff disclosed her pregnancy to Defendant's management, including to Debora Andreas, Defendant's owner. (*Id.* ¶ 21). On March 11, 2021, Plaintiff unexpectedly received a message from Defendant's Director of Human Resources, informing her that she was suspended from her position, but providing no reason for such action. (*Id.* ¶¶ 23-24). On March 17, 2021, Plaintiff met with Ms. Andreas, who accused Plaintiff of "poking at" another employee who had recently been written up for neglecting a client, and of advising an employee against accepting work with one of Defendant's clients. (*Id.* ¶¶ 25-27).

Ms. Andreas also informed Plaintiff that she was worried about Plaintiff's ability to handle her job and its required hours while she was pregnant. (Docket No. 1, ¶ 30). Ms. Andreas stated that Plaintiff was working too many hours for a pregnant woman, particularly one who was pregnant with twins, and that it was not good for Plaintiff's health and safety. (*Id.* ¶ 31). Ms. Andreas said that the job had been difficult for her, personally, when she had a baby

and that she could not imagine having twins and being able to complete the necessary tasks and workload.  (*Id.* ¶ 32).  Plaintiff alleges, however, that she was fully capable of completing all aspects of her job and never contested the number of hours assigned, nor did her performance suffer as a result of her pregnancy.  (*Id.* ¶¶ 33-34).  Nevertheless, Ms. Andreas informed Plaintiff, who was almost 28 weeks pregnant at the time, that she was terminated.  (*Id.* ¶¶ 36-37).

In April 2021, Plaintiff cross-filed charges of discrimination with the EEOC and the PHRC.[1]  (Docket Nos. 1, ¶ 5; 1-1, ¶¶ 23-24).  On December 22, 2021, the EEOC issued a right to sue letter to Plaintiff's counsel.  (Docket Nos. 1, ¶ 6; 1-2 at 2).  On March 10, 2022, Plaintiff filed this lawsuit.  (Docket No. 1).  In the Complaint, Plaintiff alleges the following claims against Defendant:  Gender/Pregnancy Discrimination in Violation of Title VII, particularly the PDA  (Count I); Gender/Pregnancy Discrimination in Violation of the PHRA (Count II); Perceived-As Disability Discrimination in Violation of the ADA (Count III); and Perceived-As Disability Discrimination in Violation of the PHRA (Count IV).  (*Id.* at 5-9).  Defendant has filed its Motion to Dismiss Counts III and IV of Plaintiff's Complaint pursuant to Rule 12(b)(6), and the parties have filed briefs supporting and opposing the motion.  (Docket Nos. 9-13).  The matter is now ripe for decision.

## II.  **Standard of Review**

In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *see Bell*

---

[1]      Plaintiff's EEOC Charge of Discrimination (minus the EEOC cover sheet), as well as the Dismissal and Notice of Rights that she received, are attached to the Complaint as Exhibits 1 and 2.  (Docket Nos. 1-1, 1-2).

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007).  While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555) (internal citation and quotation marks omitted)).  Moreover, while "this standard does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

It should be further noted, therefore, that in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).  Moreover, the requirement that a court accept as true all factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)).

In the context of the claims presented here, Plaintiff's alleged failure to exhaust her administrative remedies is properly considered under Rule 12(b)(6).  *See Wilson v. MVM, Inc.*, 475 F.3d 166, 174-76 (3d Cir. 2007); *Robinson v. Dalton*, 107 F.3d 1018, 1021-22 (3d Cir.

1997).  In conducting its analysis, the Court may properly consider documents that were filed in Plaintiff's EEOC proceeding.  *See Smith v. Pallman*, 420 F. App'x 208, 213 (3d Cir. 2011); *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000), *aff'd*, 276 F.3d 579 (3d Cir. 2001).

### III. <u>Discussion</u>

#### A.    <u>Plaintiff's Alleged Disability Under the ADA</u>

In the Complaint, Plaintiff asserts claims for both "Pregnancy/Gender Discrimination" under Title VII (which incorporates the Pregnancy Discrimination Act), and "Perceived-As Disability Discrimination" under the ADA.  In its Motion to Dismiss, Defendant seeks only the dismissal of Plaintiff's disability discrimination claims, but not her claims of pregnancy discrimination.  Plaintiff alleges in Counts III and IV of the Complaint that, by terminating her employment, Defendant discriminated against her based on her "Perceived-As Disability," pregnancy, in violation of the ADA and the PHRA.[2]  (Docket No. 1 at 7-9).  Defendant argues that Plaintiff's claim for disability discrimination based on her pregnancy fails because she has not alleged a disability within the meaning of the ADA.

In order to state a claim of disability discrimination under the ADA, a plaintiff must allege that:  (1) the plaintiff is disabled within the meaning of the ADA; (2) the plaintiff is otherwise qualified to perform the essential functions of his or her job, with or without reasonable accommodation; (3) the plaintiff's employer subjected plaintiff to an adverse employment action; and (4) such action was taken because of plaintiff's disability.  *See Taylor v.*

---

[2]    The Court need not differentiate between Plaintiff's disability discrimination claims under the ADA and the PHRA because the disability discrimination provisions of the two statutes are substantially similar, and courts, including the Third Circuit, have consolidated their analyses of a plaintiff's PHRA and ADA claims, explaining both in terms of the plaintiff's ADA claims.  *See Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996)).  Therefore, Counts III and IV will be addressed together as one claim herein.

*Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999). A "disability" with respect to an individual is defined in the ADA as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). In order to be "regarded as having such an impairment," the plaintiff must have been subjected to an adverse employment action because of an actual or perceived physical or mental impairment, regardless of whether the impairment or perceived impairment actually limits any of the plaintiff's major life activities. *See* 42 U.S.C. § 12102(1)(3)(A).

Here, Plaintiff argues that she has adequately alleged a "disability" under subsection (C) of the statute because she was regarded as, or perceived as, having an impairment – pregnancy – by Defendant. (Docket No. 12 at 5). However, in passing the PDA, Congress brought discrimination based on uncomplicated pregnancies under the auspices of Title VII's gender discrimination protections. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 330-31 (1993) (Stevens, J., dissenting) (The PDA "expressed Congress' view that discrimination based on a woman's pregnancy is, on its face, discrimination because of her sex." (internal quotation marks and citation omitted)). Thus, although complications and impairments caused by pregnancy *may* constitute a disability under the ADA, pregnancy alone is *not* a disability within the meaning of the ADA. *See Seiple v. Two Farms LLC*, No. 20-5650, 2021 WL 601171, at *4 (E.D. Pa. Feb. 16, 2021) (citing cases); *Brown v. Aria Health*, No. 17-1827, 2019 WL 1745653, at *4 (E.D. Pa. Apr. 17, 2019) ("A routine pregnancy is not considered a disability within the meaning of the ADA."); *Ahern v. Eresearch Tech., Inc.*, 183 F. Supp. 3d 663, 668 (E.D. Pa. 2016) ("Pregnancy, alone, does not constitute disability."); *Varone v. Great Wolf Lodge of the Poconos, LLC*, No. 15-304, 2016 WL 1393393, *3 (M.D. Pa. Apr. 8, 2016) (noting

that "although pregnancy is not an impairment within the meaning of the ADA and is never a disability on its own, some pregnant workers may have impairments related to their pregnancies that qualify as disabilities under the ADA"); *Oliver v. Scranton Materials, Inc.*, No. 3:14-CV-00549, 2015 WL 1003981, at *7 (M.D. Pa. Mar. 5, 2015) (in which the Court could not find that the plaintiff's pregnancy-related complications did not give rise to an ADA claim as a matter of law, but it dismissed the plaintiff's claims because she failed to specify the nature of such complications).

Here, Plaintiff avers in the Complaint that she was pregnant, but she does not aver that she had any pregnancy-related complications, medical conditions, or impairments that substantially limited her major life activities. Furthermore, Plaintiff alleges that Defendant regarded her as pregnant (which is not a disability under the ADA), but she does not specifically allege that Defendant regarded her as having pregnancy-related complications (which may constitute a disability under the ADA). Additionally, to the extent Plaintiff argues that the statements of Ms. Goheen and Ms. Andreas show that Defendant perceived her as disabled under the ADA, the Court disagrees. Upon review of such comments, set forth *supra*, the Court notes that those comments address Plaintiff's pregnancy or pregnancy generally, and may therefore be relevant to Plaintiff's claim of gender-based pregnancy discrimination under Title II as averred in Counts I and II, but the comments do not show that Defendant perceived Plaintiff as experiencing pregnancy-related complications that could implicate a disability discrimination claim under the ADA.

Therefore, the Court finds that, because Plaintiff has alleged that Defendant perceived her as being disabled because of her pregnancy – and since pregnancy is not a disability on its own under the ADA – Plaintiff has not alleged a disability under the ADA. Defendant's Motion to

Dismiss Counts III and IV is therefore granted pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Counts III and IV are dismissed without prejudice to amendment of the Complaint with sufficient facts to state a claim.

**B.** **Exhaustion of Administrative Remedies**

Defendant also argues in its Motion to Dismiss that Counts III and IV should be dismissed because Plaintiff did not exhaust her administrative remedies as to her disability claim before she filed the present lawsuit.  Notably, the ADA provides for the same enforcement procedures and remedies as those available under Title VII.  *See* 42 U.S.C. § 12117(a); *Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 315 n.3 (3d Cir. 2006).  Thus, a plaintiff who seeks relief under the ADA must first exhaust administrative remedies by filing a timely charge with the EEOC before filing a lawsuit in federal district court.  *See Rogan*, 113 F. Supp. 2d at 783; 42 U.S.C. § 2000e-5(e)(1).  "The EEOC will then investigate the charge, and the plaintiff must wait until the EEOC issues a right-to-sue letter before she can initiate a private action."  *Barzanty v. Verizon Pa., Inc.*, 361 F. App'x 411, 413 (3d Cir. 2010) (citing *Burgh v. Borough Council*, 251 F.3d 465, 470 (3d Cir. 2001)).  Similarly, in order to bring a lawsuit under the PHRA, "a plaintiff must first have filed an administrative complaint with the PHRC within 180 days of the alleged act of discrimination."  *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997) (citing 43 Pa. Stat. and Cons. Stat. §§ 959(a), 962).  Failure to do so precludes the availability of judicial remedies under the PHRA.  *See id.*

After a plaintiff has filed an administrative charge and received a right to sue notice, the plaintiff's lawsuit is then "limited to claims that are within the scope of the initial administrative charge."  *Twillie v. Erie Sch. Dist.*, 575 F. App'x 28, 31 (3d Cir. 2014).  Thus, "[a]fter a charge is filed, the scope of a resulting private civil action in the district court is defined by the scope of

the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Barzanty,* 361 F. App'x at 414 (internal quotation marks and citations omitted); *see also Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996) ("'The relevant test in determining whether appellant was required to exhaust her administrative remedies, therefore, is whether the acts alleged in the subsequent [lawsuit] are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom.'" (quoting *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984))). This restriction in scope prevents "a plaintiff from 'greatly expand[ing] an investigation simply by alleging new and different facts when . . . contacted by the Commission following [her] charge.'" *Barzanty*, 361 F. App'x at 414 (quoting *Hicks v. ABT Assoc., Inc.,* 572 F.2d 960, 967 (3d Cir.1978)). "Where the allegations in the complaint are sufficiently distinct from those presented in the EEOC charge, and were not part of the Commission's investigation, courts have required the exhaustion of administrative remedies before such allegations could be pursued in district court." *Rogan*, 113 F. Supp. 2d at 787.

Because Counts III and IV are being dismissed pursuant to Rule 12(b)(6), the Court need not address the administrative exhaustion aspect of Defendant's motion at this juncture. However, if Plaintiff chooses to amend her Complaint in an attempt to include a cognizable disability discrimination claim, she should be mindful of the ADA's administration exhaustion requirement. Additionally, the Court notes that in her Charge of Discrimination attached to the Complaint, Plaintiff stated that she believes that she "was the victim of illegal discrimination on the basis of [her] pregnancy in violation of the Pregnancy Discrimination Act of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act of 1955." (Docket No. 1-1, ¶ 23). Thus, Plaintiff should also keep in mind that courts discern between different types of discrimination allegations, and that the mention of one type of discrimination in a charge does

not cause other types of discrimination to be automatically included within the scope of a resulting EEOC investigation.  *See, e.g., Penaloza v. Target Corp.*, 549 F. App'x 844, 848-49 (11th Cir. 2013) (affirming the dismissal of an ADA claim where the EEOC charge indicated discrimination on the basis of "sex; female; pregnancy related" under Title VII (as amended by the PDA), but not disability discrimination under the ADA, and noting that a disability discrimination claim could not "be expected to grow" out of her charge).

## IV. <u>Conclusion</u>

For the reasons stated, Defendant's Motion to Dismiss Counts III and IV of Plaintiff's Complaint is granted pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Accordingly, Counts III and IV are dismissed without prejudice to amendment of the Complaint with sufficient facts to state a claim.

An appropriate Order follows.


Dated: October 20, 2022                          *s/ W. Scott Hardy*
                                                 W. Scott Hardy
                                                 United States District Judge


cc/ecf:  All counsel of record

10